UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RAY A. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:16-CV-305-TAV-SKL |
| | ) |
| BILL ROBINSON, BRIAN FREEMAN, | ) |
| CLAY MOORE, ASHLY OWNBY, and | ) |
| BILL CHERRY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

**I.     Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.     Allegations of the Complaint[1]

On July 31, 2014, Plaintiff was standing at the front of his garage smoking methamphetamine with several other individuals when he saw a dark sport utility vehicle pull up with a passenger who had "D.T.F." (presumably Drug Task Force) across his chest [Doc. 2 p. 3]. Plaintiff started to run, but decided not to because his daughter was inside asleep [*Id.*]. Defendant Freeman then approached Plaintiff and told him that he had heard complaints about

---

[1] Plaintiff's complaint is a handwritten narrative that contains a number of statements and stories that do not relate to the substance of the complaint. In addition, the statements do not appear to progress in any order. For purposes of judicial efficiency, the Court only summarizes the relevant portions of Plaintiff's complaint. The Court finds that all other allegations of the complaint not addressed in this order fail to state a claim upon which relief may be granted under § 1983, to the extent Plaintiff intended them to do so.

Plaintiff selling drugs in the neighborhood. [*Id.* at 3, 15]. At that point, Defendants Robinson, Freeman, Cherry, and Moore led Plaintiff to believe that because Plaintiff was on parole, he had to sign a document that was a warrant allowing them to search his property [*Id.* at 3–4, 15–16].

During this search, Defendants disrupted Plaintiff's property and carried on various conversations with Plaintiff about his property and drugs, specifically who was bringing in drugs, who was selling drugs to whom, and whether Plaintiff could help bring others "down" [*Id.* at 19–20]. Plaintiff was sure that he was going to jail for the drugs in his pipe, but Defendants told him that they found drugs in a camper on Plaintiff's property, took some of Plaintiff's money and property, and then left [*Id.* at 19–23]. Plaintiff was arrested for charges stemming from the July 31, 2015, search on September 9, 2015 [*Id.* at 26].

In or about March 2016, Amanda, a woman Plaintiff was formerly involved with who lived with him and who was present during the July 31, 2014, search of his property, told Plaintiff that during the search of the house and property, she saw Defendant Moore reach into an outside compartment of his camper, where police alleged they had found drugs, and say "this is only one, where[']s the other one," at which point Defendant Cherry said "shhh" and motioned toward Amanda [*Id.* at 37–38].

Plaintiff also makes various allegations about alleged negligence/legal malpractice on the part of Defendant Ownby, his attorney in the underlying criminal case against him [*Id.* at 7–11].

III. **Legal Analysis**

   A. **Statute of Limitations**

Congress did not provide a statute of limitations for claims arising under 42 U.S.C. § 1983. Accordingly, district courts apply state statutes of limitations to those claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations

3

is applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a)(3); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012).

Federal law, however, determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634–35 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). The Sixth Circuit has held that a cause of action accrues and the statute of limitations begins to run when an event occurs that "should have alerted the typical lay person to protect his or her rights." *Id.* at 635 (quoting *Kuhnle Bros.*, 103 F.3d at 520).

It is apparent that Plaintiff knew, or should have known, of all of the claims in his complaint arising out of the allegedly improper search of his home and property on July 31, 2014, more than a year before he signed his complaint on July 2, 2016,[2] and all such claims are therefore time-barred. Specifically, Plaintiff knew or should have known of the claims asserting the alleged illegality of the search and the claims arising from his interactions with officers during the search when the search and those interactions occurred on July 31, 2014.

As to his claim that officers planted drugs on his property, Plaintiff states that he did not discover that Amanda witnessed this behavior until March 2016. Plaintiff's complaint, however, states that: (1) Defendant Freeman told Plaintiff before the search that he had heard that Plaintiff was selling drugs in the neighborhood; (2) Plaintiff had a conversation with Defendant Freeman during the search in which Defendant Freeman asked Plaintiff questions about the sale of drugs; and (3) officers told Plaintiff that they had found drugs in the camper that was on his property

---

[2] Under the prisoner "mailbox rule," a prisoner complaint is deemed filed on the day the plaintiff signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

4

during the search on July 31, 2014. Given the context of Plaintiff's conversations with Defendants before and during the search, when officers told Plaintiff that they had found drugs in the camper on his property during the search, a typical lay person would have been on notice of the need to investigate the origin of the drugs in order to protect his rights. Thus, the one-year statute of limitations began to run on July 31, 2014, the date that officers told Plaintiff that they found drugs in a camper on his property. Plaintiff's claim arising out of the alleged planting of drugs, which was filed July 2, 2016, is therefore untimely.

Accordingly, all of Plaintiff's claims relating to the search of his property on July 31, 2014, are time-barred and they will therefore be **DISMISSED**.

### B. Negligence/Legal Malpractice

Plaintiff's claims that his attorney was negligent and/or committed legal malpractice while representing Plaintiff do not state a claim upon which relief may be granted under § 1983, as nothing in the complaint suggests that Plaintiff's attorney was a state actor. *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). To the extent Plaintiff sought to have the Court exercise supplemental jurisdiction over these claims, the Court declines to do so. *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011). These claims will therefore be **DISMISSED without prejudice**.

## IV. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

Because Plaintiff is an inmate in the Bradley County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the

5

Case 1:16-cv-00305-TAV-SKL   Document 5   Filed 01/18/17   Page 5 of 6   PageID #: 55

custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is greater of:

> (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Bradley County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

E N T E R :

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE